THE TIDRICK LAW FIRM LLP
STEVEN G. TIDRICK, SBN 224760
JOEL B. YOUNG, SBN 236662
1300 Clay Street, Suite 600
Oakland, California 94612
Telephone: (510) 788-5100
Facsimile: (510) 291-3226
E-mail: sgt@tidricklaw.com
E-mail: jby@tidricklaw.com

Attorneys for Individual and Representative
Plaintiff JANE ROE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE ROE, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>JOSE TORRES L.D. LATIN CLUB BAR, INC. *et al.*,<br><br>Defendants. | Civil Case No. 3:19-cv-06088-LB<br><br>**[PROPOSED] ORDER GRANTING (1) PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT, AND (2) PLAINTIFF'S MOTION FOR AWARD OF ATTORNEYS' FEES AND COSTS AND SERVICE AWARD, AND JUDGMENT**<br><br>The Honorable Laurel Beeler<br><br>Date:        August 27, 2020<br>Time:        9:30 A.M.<br>Courtroom:   Courtroom B, 15th Floor<br>             450 Golden Gate Avenue<br>             San Francisco, California<br>Judge:       The Honorable Laurel Beeler |

1

[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR FINAL APPROVAL, AND JUDGMENT
*Roe v. Jose Torres L.D. Latin Club Bar, Inc. et al.*, Civil Case No. 3:19-cv-06088-LB

Plaintiff's Motion for Final Approval of Class Settlement and Plaintiff's Motion for Award of Attorneys' Fees and Costs and Service Award (the "Motions") came on regularly for hearing on August 27, 2020, in the United States District Court for the Northern District of California, the Honorable Laurel Beeler presiding. All parties were represented by counsel.

Having considered the memoranda and declarations, oral arguments of counsel, and the relevant statutory and case law, the Court GRANTS Plaintiff's Motions and orders and finds as follows, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), and Rule 23(c) and (e) of the Federal Rules of Civil Procedure ("Rule 23"):

## Introduction

1.  On May 14, 2020, the Court granted preliminary approval of the class action settlement agreement ("Settlement Agreement" or "Settlement") (ECF No. 14). *See* ECF No. 23 (Preliminary Approval Order).[1] Capitalized terms throughout this order have the definitions given them in the Settlement Agreement.

## Jurisdiction

2.  The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. The Court has supplemental jurisdiction over the California state law claims because they are so related to this action that they form part of the same case or controversy under Article III of the United States Constitution.

## Notice to the Class

3.  The Court previously approved the class notice and plan, and ordered that notice be mailed to the class. *See* Preliminary Approval Order, at 11:19-12:7. The Court subsequently ordered additional text message notice to 26 settlement class members for whom Defendant lacked mailing addresses. *See* Stipulation and Order Regarding Additional Notice to Settlement Class Members (ECF No. 27). The Court finds that the Settlement Administrator provided notice consistent with the approved plan. *See* Declaration of Stephen Gomez of CPT Group Inc. with Respect to Settlement Administration ("Gomez Decl."), ¶¶ 8-12. The notice provided constituted

---

[1] Record citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

2

[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR FINAL APPROVAL, AND JUDGMENT
*Roe v. Jose Torres L.D. Latin Club Bar, Inc. et al.*, Civil Case No. 3:19-cv-06088-LB

the best notice practicable under the circumstances and met the requirements of due process and Rule 23 of the Federal Rules of Civil Procedure. *See Silber v. Mabon*, 18 F.3d 1449, 1453-54 (9th Cir. 1994).

### Certification of the Class

4. The Court confirms its previous certification of the Class as defined in the Settlement Agreement for settlement purposes only pursuant to Federal Rules of Civil Procedure 23 and 29 U.S.C. § 216(b).

5. The Class consists of all individuals who all individual(s) who, during the Class Period, performed as exotic dancers at Jose Torres L.D. Latin Club Bar, Inc. d/b/a Hanky Panky Club ("the Nightclub") pursuant to an "independent contractor" agreement. The Class Period is from December 4, 2013 through May 14, 2020. *See* Settlement Agreement § 5.

### Class Representative, Class Counsel, and Claims Administrator

6. The Court confirms its previous appointment of Plaintiff Jane Roe as the Class Representative, finding that she has claims that are typical of members of the class generally and that she is an adequate representative of the other members of the class. *See* Preliminary Approval Order, at 11:9-11.

7. The Court confirms its previous appointment of Steven G. Tidrick, Esq. and Joel Young, Esq. of The Tidrick Law Firm LLP as Class Counsel, finding that they have sufficient qualifications, experience, and expertise in prosecuting class actions. *See* Preliminary Approval Order, at 11:12-15. The Court finds that they have represented the class adequately.

8. The Court confirms its previous appointment of CPT Group, Inc. as the settlement administrator. *See* Preliminary Approval Order, at 11:16-17.

### No Objections to the Settlement

9. No objections to the settlement were received or were filed with the Court. *See* Gomez Decl., ¶ 14.

### Final Approval of Settlement

10. The Settlement Agreement (Docket No. 14), and the notice to class members (Ex. 1 to Tidrick Decl. –ECF No. 17-1 at 8-16; Gomez Decl. Exs. A and B), which the Court

3

[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR FINAL APPROVAL, AND JUDGMENT
*Roe v. Jose Torres L.D. Latin Club Bar, Inc. et al.*, Civil Case No. 3:19-cv-06088-LB

preliminarily approved as fair, adequate, and reasonable, and within the range of possible approval, are approved, and the definitions used therein are adopted for use herein as fair and reasonable as set forth herein.

11. This ruling is based on federal common and statutory law, including 29 U.S.C. § 216(b) and the Federal Rules of Civil Procedure, as well as federal and other authority, including the Federal Judicial Center's Manual for Complex Litigation (4th ed. 2004).

12. Settlement is a strongly favored method for resolving disputes, particularly "where complex class action litigation is concerned." *Class Plaintiffs v. City of Seattle,* 955 F.2d 1268, 1276 (9th Cir. 1992); *see, e.g., In re Pac. Enters. Sec. Litig.*, 47 F.3d 373, 378 (9th Cir. 1995). A court may approve a proposed class-action settlement only "after a hearing and on finding that it is fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2). The court need not ask whether the proposed settlement is ideal or the best possible; it determines only whether the settlement is fair, free of collusion, and consistent with the named plaintiff's fiduciary obligations to the class. *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026-27 (9th Cir. 1998). In *Hanlon*, the Ninth Circuit identified factors relevant to assessing a settlement proposal: 1) the strength of the plaintiff's case; 2) the risk, expense, complexity, and likely duration of further litigation; 3) the risk of maintaining class-action status throughout trial; 4) the amount offered in settlement; 5) the extent of discovery completed and the stage of the proceeding; 6) the experience and views of counsel; 7) the presence of a government participant; and 8) the reaction of class members to the proposed settlement. *Id.* at 1026 (citation omitted). *See also Churchill Village, LLC v. General Electric*, 361 F.3d 566, 575 (9th Cir. 2004). In determining whether the Settlement should be approved, the Court has considered those factors. The Court also has considered whether the Settlement is "the product of collusion among the negotiating parties." *Id*. at 576.

13. The Court finds that the Settlement is a fair and reasonable resolution of a *bona fide* dispute. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-55 (11th Cir. 1982); *McKeen-Chaplin v. Franklin Am. Mortg. Co.*, 2012 U.S. Dist. LEXIS 179635, at *6 (N.D. Cal. Dec. 19, 2012); *Yue Zhou v. Wang's Rest.*, 2007 U.S. Dist. LEXIS 60683, at *2-4 (N.D. Cal. Aug. 8, 2007). *Accord Stevens v. Safeway Inc.,* 2008 U.S. Dist. LEXIS 17119, at *12-13 (C.D.

4

[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR FINAL APPROVAL, AND JUDGMENT
*Roe v. Jose Torres L.D. Latin Club Bar, Inc. et al., Civil Case No. 3:19-cv-06088-LB*

Cal. Feb. 25, 2008).

14. The proposed Settlement is fair, adequate, and reasonable and therefore approved. The Court directs that the Settlement be consummated in accordance with the terms and conditions set forth in the Settlement Agreement. The Settlement Agreement is hereby incorporated by reference.

**Exclusions from the Settlement**

15. No class member has requested exclusion from the settlement. *See* Gomez Decl. ¶ 14.

**Attorneys' Fees and Costs**

16. Under Federal Rules of Civil Procedure 23(h)(1) and Rule 54(d)(2), Plaintiff in this class action has moved for an award of attorneys' fees and costs and service award. Pursuant to Rule 23(h)(3), the Court must make findings of fact and state its conclusions of law.

17. This class action settlement resolves a wage-and-hour dispute on a class-wide basis.

18. The Court's May 14, 2020 order granted preliminary approval of the class-wide settlement agreement, an agreement which gives the Court discretion to award Class Counsel attorneys' fees of up to twenty five percent (25%) of the $135,000 Gross Settlement Value, i.e., $33,750, and reimbursement of reasonable litigation expenses, with the total fees and costs not to exceed $38,750. *See* Settlement Agreement, ECF No. 14, at ECF pages 6 and 10, §§ 7 and 14. The Settlement Agreement provides that any of those requested amounts that the Court does not approve shall be added to the Net Settlement Amount to be distributed to the Class. See id. at ECF page 6, § 7.

19. Rule 23(h) of the Federal Rules of Civil Procedure provides: "In a certified class action, the court may award reasonable attorney's fees and nontaxable costs that are authorized by . . . the parties' agreement." The Rule further provides that "[a] claim for an award must be made by motion under Rule 54(d)(2)," notice of which must be "directed to class members in a reasonable manner" and that the Court "must find the facts and state its legal conclusions under Rule 52(a)." Fed. R. Civ. P. 23(h)(1) & (3). In turn, Rule 54(d)(2) requires a

5

claim for fees to be made by motion, and specifies its timing and content, including, in relevant part, "the grounds entitling the movant to the award" and "the amount sought." Fed. R. Civ. P. 54(d)(2)(B).

20. Plaintiff filed his Motion for Award of Attorneys' Fees and Costs and Service Award on July 20, 2020 (ECF No. 28), which was 14 days before the deadline for objections. The deadline for objections was August 3, 2020. *See* Gomez Decl. at Ex. A (Class Notice), ECF page 11. That complied with *In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988, 994-95 (9th Cir. 2010) ("*In re Mercury*"). *See also Weeks v. Kellogg Co.*, 2011 U.S. Dist. LEXIS 155472, at *80 (C.D. Cal. Nov. 23, 2011) (applying *In re Mercury* and holding that the filing of a fee petition one week before the objection deadline comported with due process).

21. When counsel recovers a common fund that confers a "substantial benefit" on a class of beneficiaries, counsel is "entitled to recover their attorney's fees from the fund." *Fischel v. Equitable Life Assurance Soc'y of the U.S.*, 307 F.3d 997, 1006 (9th Cir. 2002); *Taylor v. Meadowbrook Meat Co., Inc.*, 2016 WL 4916955, at *5 (N.D. Cal. Sept. 15, 2016).

22. When "the settlement produces a common fund for the benefit of the entire class, courts have discretion to employ either the lodestar method or the percentage-of-recovery method" of calculating attorneys' fees awards. *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 942 (9th Cir. 2011).

23. Under the percentage-of-the-fund method, it is appropriate to base the percentage calculation on the gross settlement amount. *See generally Boeing v. Gemert*, 444 U.S. 472, 479, 100 S. Ct. 745, 62 L. Ed. 2d 676 (1980); *Williams v. MGM-Pathe Commc'ns Co.*, 129 F.3d 1026, 1027 (9th Cir. 1997). Indeed, "[w]here the settlement involves a common fund, courts typically award attorney's fees based on a percentage of the total settlement." *Taylor v. Meadowbrook Meat Co., Inc.*, 2016 WL 4916955, at *5 (N.D. Cal. Sept. 15, 2016).

24. The Court adopts the percentage-of-the-fund approach here and finds that the fee-and-expense amount is reasonable. The Ninth Circuit has stated that "25 percent of the fund [i]s the 'benchmark' award that should be given in common fund cases." *Six (6) Mexican Workers v. Arizona Citrus Growers*, 904 F.2d 1301, 1311 (9th Cir. 1990). That said, "the exact percentage

6

[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR FINAL APPROVAL, AND JUDGMENT
*Roe v. Jose Torres L.D. Latin Club Bar, Inc. et al., Civil Case No. 3:19-cv-06088-LB*

varies depending on the facts of the case, and in 'most common fund cases, the award exceeds that benchmark.'" *Johnson v. General Mills, Inc.*, 2013 U.S. Dist. LEXIS 90338, at *20 (C.D. Cal. June 17, 2013) (quoting *Vasquez v. Coast Valley Roofing, Inc.*, 266 F.R.D. 482, 491 (E.D. Cal. 2010). Thirty percent is within the "usual range." *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002). *See also In re Activision Sec. Litig.*, 723 F. Supp. 1373, 1377-78 (N.D. Cal. 1989) (stating that "nearly all common fund awards range around 30%"). *See also Morris v. Lifescan, Inc.*, 54 Fed. Appx. 663, 664 (9th Cir. 2003) (affirming 33% fee award); *Pacific Enterprises*, 47 F.3d 373, 379 (9th Cir. 1995) (same). When the Court awards fees above or below the benchmark, the "record must indicate the Court's reasons for doing so." *Glass v. UBS Fin. Servs.*, 2007 U.S. Dist. LEXIS 8476, at *44 (N.D. Cal. Jan. 26, 2007) (citing *Powers v. Eichen*, 229 F.3d 1249, 1256-57 (9th Cir. 2000)).

25. This settlement confers substantial monetary benefits, including a Gross Settlement Fund of $135,000. The requested fee award of $33,750 represents 25% of that amount.

26. In terms of a lodestar cross-check, the attorneys' fees requested, $17,500, is about 67% of the lodestar amount of $50,189.00. *See* ECF No. 28-1 at ECF page 8, lines 2-5. The Court finds that Class Counsel's hours and hourly rates are reasonable. The fact that the requested fee award results in a "negative multiplier" supports a finding that the requested percentage of the fund is reasonable and fair.

27. Class counsel also are entitled to reimbursement of reasonable out-of-pocket expenses. Fed. R. Civ. P. 23(h); *Harris v. Marhoefer*, 24 F.3d 16, 19 (9th Cir. 1994) (attorneys may recover reasonable expenses that would typically be billed to paying clients in non-contingency matters.); *Van Vranken v. Atlantic Richfield Co.*, 901 F. Supp. 294, 299 (N.D. Cal. 1995) (approving reasonable costs in class action settlement). Costs compensable under Rule 23(h) include "nontaxable costs that are authorized by law or by the parties' agreement." Fed. R. Civ. P. 23(h). "The prevailing view is that expenses are awarded in addition to the fee percentage." *Jefferson v. H&M Hennes & Mauritz, L.P.*, 2013 U.S. Dist. LEXIS 2875 at *9 (C.D. Cal. Jan. 7, 2013) (quoting 1 Alba Conte, Attorney Fee Awards § 2:08 at 50-51). To date, Plaintiff's counsel have advanced all costs incurred in this case. Plaintiff's counsel's total

7

[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR FINAL APPROVAL, AND JUDGMENT
*Roe v. Jose Torres L.D. Latin Club Bar, Inc. et al.*, Civil Case No. 3:19-cv-06088-LB

incurred litigation expenses were $5,875.75, and do not include the modest, but real, expenses incurred subsequently. *See* ECF No. 28-1 at ECF page 8, lines 16-19. These costs are reasonable, and pursuant to the settlement, the reimbursement amount requested, $5,000, is less than that amount, which supports a finding that the amount requested is reasonable.

**Payment to the LWDA**

28. The Court approves payment to the LWDA in the amount of $2,500. The settlement's allocation of payment of $2,000 in connection with settlement of the PAGA claims (75% of which shall be paid to the LWDA and 25% of which shall be paid to the Settlement Class members as part of the Net Settlement Amount) reflects a reasonable valuation of the PAGA claims relative to the other claims in the suit, and is in line with PAGA payments in other settlements that courts have approved. *See e.g., Viceral v. Mistras Group, Inc.*, 2016 U.S. Dist. LEXIS 140759, at *25-*31 (N.D. Cal. Oct. 11, 2016) (Chen, J.) (finding that, in the context of a $6 million settlement, a PAGA payment of $20,000 was reasonable); *Franco v. Ruiz Food Prods., Inc.*, 2012 U.S. Dist. LEXIS 169057, at *41-*42 (E.D. Cal. Nov. 27, 2012) (finding that, in the context of a $2.5 million settlement, a PAGA payment of $10,000 was reasonable and in line with settlement approval of PAGA awards in other cases) (citing cases). *See also Thurman v. Bayshore Transit Mgmt., Inc.*, 203 Cal. App. 4th 1112, 1148 (2012) (discussing the "general rule" regarding the 75/25 split).

**Payment to the Settlement Administrator**

29. The Court approves payment to CPT Group, Inc. of $9,250 for its administration of the notice and settlement. *See* Gomez Decl. ¶ 18. This amount is significantly less than the amount estimated in the Settlement Agreement. *See* Settlement Agreement § 7.

**Service Award**

30. The Settlement Agreement authorizes the Court to award a service award to Plaintiff Jane Roe in the amount of $10,000 for her service to the class. *See* Settlement Agreement § 6. It is within the Court's discretion whether to award such payments and in what amount. *See id.* at §§ 8, 10.

31. The requested service award to Plaintiff Jane Roe in the amount of $10,000.00 is

8

[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR FINAL APPROVAL, AND JUDGMENT
*Roe v. Jose Torres L.D. Latin Club Bar, Inc. et al.*, Civil Case No. 3:19-cv-06088-LB

warranted for her service to the class.

**Cy Pres**

32. The settlement provides: "No sooner than 180 days after the final Cash Pool Payments are distributed to the Settlement Class Members, the value of any uncashed checks shall be distributed to the Saint Francis Center of Redwood City, or if that entity is not approved by the Court, The Justice and Diversity Center of the Bar Association of San Francisco (a public interest law non-profit organization) or if that entity is not approved by the Court, the American Bar Foundation, or if that entity is not approved by the Court, another appropriate recipient that the Court may designate at the time of final approval. This paragraph regarding the disposition of uncashed checks may be modified by the Court in its discretion." Settlement Agreement § 13.

33. The *cy pres* doctrine allows a court to distribute unclaimed or non-distributable portions of a class action settlement fund to the 'next best' class of beneficiaries." *Nachshin v. AOL, LLC*, 663 F.3d 1034, 1036 (9th Cir. 2011) (quoting *Six (6) Mexican Workers v. Ariz. Citrus Growers,* 904 F.2d 1301, 1307–08 (9th Cir. 1990)). "*Cy pres* distributions must account for the nature of the plaintiffs' lawsuit, the objectives of the underlying statutes, and the interests of the silent class members, including their geographic diversity." *See id.*

34. "Not just any worthy recipient can qualify as an appropriate *cy pres* beneficiary." *Dennis v. Kellogg Co.*, 697 F.3d 858, 865 (9th Cir. 2012). To avoid the "many nascent dangers to the fairness of the distribution process," we require that there be "a driving nexus between the plaintiff class and the *cy pres* beneficiaries." *Id*. (quoting *Nachshin*, 663 F.3d at 1038). "A *cy pres* award . . . must not benefit a group too remote from the plaintiff class . . . ." *Id*. (quoting *Six Mexican Workers,* 904 F.2d at 1308).

35. The Court finds that there is a driving nexus between the plaintiff class and the Saint Francis Center of Redwood City, which provides food, clothing, and other essential services for working poor families.

36. The Settlement Administrator shall distribute any *cy pres* payments to the Saint Francis Center of Redwood City, with the following exception: Payments for the settlement class members for whom the Settlement Administrator lacks mailing addresses and/or whose notice the

9

[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR FINAL APPROVAL, AND JUDGMENT
*Roe v. Jose Torres L.D. Latin Club Bar, Inc. et al.*, Civil Case No. 3:19-cv-06088-LB

Settlement Administrator deemed undeliverable, *see* Gomez Decl. ¶¶ 10-12 shall be submitted by the Settlement Administrator to the California State Controller's Office pursuant to the procedures of the State of California's Unclaimed Property Law.

### Conclusion

37. In accordance with the findings above, from the Gross Settlement Fund of $135,000, the Court orders an award of $33,750 in attorneys' fees and $5,000 in incurred litigation costs to The Tidrick Law Firm LLP, a service award to Plaintiff Jane Roe in the amount of $10,000, payment of $9,250 to the settlement administrator, CPT Group, Inc., and the remainder to be distributed among the Class Members as specified in the Settlement.

38. The Settlement Administrator shall distribute the settlement funds as specified in in accordance with the Settlement Agreement as modified herein.

39. The above-titled action is hereby dismissed, and the claims are released as provided in the Settlement Agreement. Without affecting the finality of this final order and judgment in any way, this Court retains jurisdiction over: (a) effectuating and implementing the Settlement Agreement and its terms; (b) supervising all aspects of the administration of the Settlement Agreement; (c) determining whether, in the event that an appeal is taken from any aspect of this final order and judgment, whether to require the appellant to post a bond or provide other security, and such other matters as the Court may order; (d) enforcing and administering the Settlement Agreement, including any releases executed in connection therewith, and the provisions of this final order and judgment; (e) adjudicating any disputes that arise under the Settlement Agreement; and (f) any other matters related or ancillary to the foregoing.

40. The Court hereby enters judgment in accordance with the foregoing. This Judgment is a final judgment in the suit. Pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Court expressly finds that there is no just reason for delay. This final order and judgment shall be deemed a final judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure. The Court directs Judgment and immediate entry by the Clerk of the Court. The Clerk shall close the file.

//

10

[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR FINAL APPROVAL, AND JUDGMENT
*Roe v. Jose Torres L.D. Latin Club Bar, Inc. et al.*, Civil Case No. 3:19-cv-06088-LB

1  It is so ORDERED, ADJUDGED, AND DECREED.

3  DATE:_____, 2020.                    _____
                                                      The Honorable Laurel Beeler
                                                      United States District Court

[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR FINAL APPROVAL, AND JUDGMENT
*Roe v. Jose Torres L.D. Latin Club Bar, Inc. et al., Civil Case No. 3:19-cv-06088-LB*